IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

**PAMELA MOSES,**

    **Plaintiff,**

vs.                                    Civil Action No. 2:12-CV-02822-JPM-dkv

                                             **JURY TRIAL DEMANDED**

**YOUTUBE INC, YOUTUBE LLC,**
**GOOGLE INC, and**
**SHIRA KRASNOW**

    **Defendants.**

---

**DEFENDANT SHIRA KRASNOW'S MEMORANDUM OF LAW IN SUPPORT OF THE RULE 12(b)(2) MOTION TO DISMISS**

---

Comes now, Defendant, Shira Krasnow, by and through counsel, and submits the following Memorandum of Law and Facts in support of her Motion for Summary Judgment.

**I.     FACTS AND BACKGROUND**

The present copyright infringement litigation arises out of Plaintiff's allegations that Defendant Krasnow "blatantly copied and attempted to confuse" consumers when she published certain videos on YouTube that allegedly infringed on Plaintiff's copyrights. (Compl., ¶ 32). Along with Defendant Krasnow, Plaintiff brought this action against YouTube Inc. and YouTube LLC (hereinafter "YouTube), and Google Inc. (hereinafter "Google"). Plaintiff alleges that by allowing Defendant Krasnow to post certain videos on its site, YouTube has contributed to the copyright infringement of

Krasnow, and additionally, Plaintiff alleges Google is liable based on its ownership of YouTube. (Compl., ¶¶ 28, 32).

Plaintiff filed this action on September 21, 2012 in the United States District Court for the Western District of Tennessee. Defendant Krasnow is a resident of Pittsburgh, Pennsylvania, and in her Complaint, Plaintiff acknowledges this fact. (Compl., ¶24, see also Krasnow Aff., ¶ 2, attached hereto as **Exhibit A**). Defendant Krasnow has had no contact at all with the State of Tennessee regarding her videos which allegedly infringed Plaintiff's copyrights, and her only physical contact with the state has been a personal visit unrelated to anything regarding the subject matter of this lawsuit. (Krasnow Aff., ¶¶ 3, 4). In the section entitled "Jurisdiction and Venue" in her Complaint, Plaintiff asserts no basis for the Court's jurisdiction over Defendant Krasnow. (Compl., ¶¶ 11-15). Instead, Plaintiff merely avers that "[t]his court has personal jurisdiction over Defendants." (Compl., ¶ 14). While the remainder of paragraph fourteen (14) contains an argument as to the basis of the Court's jurisdiction over Google and YouTube, there are no specific facts asserted that demonstrate the basis for the Court's personal jurisdiction over Krasnow. (Compl., ¶ 14). The only possible statement in that paragraph that might have been directed at Krasnow is an assertion that Plaintiff was "injured in Tennessee by Defendant's infringing conduct." (Compl., ¶ 14).

Based on these facts, the Court should grant Defendant Krasnow's Motion to Dismiss, as the Plaintiff has not asserted any facts which purport to give this Court personal jurisdiction over Defendant Krasnow.

## II. LAW & ARGUMENT

### A. Personal Jurisdiction Standard

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides that dismissal is proper if there exists a "lack of jurisdiction over the person." The burden of establishing the existence of personal jurisdiction is borne by the party bringing the lawsuit. <u>International Tech. Consultants, Inc. v. Euroglas S.A.</u>, 107 F.3d 386, 391 (6th Cir.1997). Further, the Sixth Circuit has held that "in the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction...." <u>Theunissen v. Matthews</u>, 935 F.2d 1454, 1458 (6th Cir.1991). Thus, dismissal of a case is only appropriate if "all the specific facts which the plaintiff ... alleges collectively fail to state a prima facie case for jurisdiction." <u>CompuServe, Inc. v. Patterson</u>, 89 F.3d 1257, 1262 (6th Cir.1996).

To determine whether personal jurisdiction is appropriate, a federal court must apply the law of the forum state in which it sits, and the court may only assert jurisdiction over a non-resident defendant in accordance with the state's long-arm statute and the limitations of the Due Process Claus of the Constitution. <u>Bailey v. Turbine Design, Inc.</u>, 86 F. Supp. 2d 790, 792 (W.D. Tenn. 2000). Since the jurisdictional limits of Tennessee's long arm statute, Tenn. Code Ann. § 20-2-214, have been interpreted as identical to those imposed by the Due Process Clause, the Court may limit its inquiry to whether the exercise of personal jurisdiction passes constitutional muster. <u>Aristech Chem. Int'l Ltd. v. Acrylic Fabricators Ltd.</u>, 138 F.3d 624, 627 (6th Cir. 1998). Under the Constitution, personal jurisdiction over a defendant stems from

"certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Depending on the type of minimum contacts, personal jurisdiction can be specific or general. When a defendant has continuous and systematic contacts with the forum state, general jurisdiction exists so that the forum state can exercise judicial power over the defendant with respect to any claim asserted against him. Aristech Chem. Int'l Ltd., 138 F.3d at 627. However, with specific jurisdiction the forum state can only assert jurisdiction over the defendant on claims that arise out or relate to the defendant's contacts with the forum state. Id.

The Sixth Circuit has established three criteria to be used by a court in determining whether specific jurisdiction exists:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

Southern Mach. Co., Inc. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir.1968). While a defendant's physical presence in the forum state is not required for the purposeful availment element to be satisfied, the defendant's contacts with the forum state must "proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State," Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75 (1985).

**B.     Personal Jurisdiction and the Internet**

In Bailey v. Turbine Design, Inc., 86 F. Supp. 2d 790 (W.D. Tenn. 2000), the court was forced to decide whether a defendant Florida corporation was subject to the

jurisdiction of Tennessee solely based on the defendant's posting of allegedly defamatory statements on the Internet. The plaintiff maintained that such an act would establish minimum contacts because the acts were intended to cause injury within the forum state.  Id. at 794.  The court found that while a general posting on the Internet is not sufficient to establish minimum contacts, courts may find personal jurisdiction appropriate where there is something more to indicate that the defendant purposely directed his activities to the forum state. Id. In regards to the Florida corporation, the court held that their acts failed to establish minimum contacts, even though the effects of the defamation were felt in Tennessee, and the case was dismissed for lack of personal jurisdiction. Id. at 797. The court further stated that "[t]o find that personal jurisdiction exists on the facts in this case would be to subscribe to the notion that anyone who posted information on the Internet is subject to nationwide jurisdiction, **a leap this court is not prepared to make**.  Id. at 796.  The court based its decision on the fact that there was no evidence to suggest that any effort was made to reach out to Tennessee residents any more than to persons residing elsewhere, and the comments posted on the defendant's wholly passive website could be viewed by anyone with access to the internet. Id. at 795.  Therefore, the Sixth Circuit has made clear that general posting on the Internet is insufficient to establish minimum contact necessary for exercise of personal jurisdiction.

Further, the Sixth Circuit has adopted the sliding scale test set forth in Zippo Manufacturing Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119, 1124 (W.D.Pa.1997), to determine whether personal jurisdiction exists based upon content posted to a website. The three general categories are described as follows:

> At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. **A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction**. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

First Tennessee Nat. Corp. v. Horizon Nat. Bank, 225 F. Supp. 2d 816, 820 (W.D. Tenn. 2002).

**C.   This court should dismiss all of Plaintiff's claims against Defendant Krasnow because Krasnow is a resident of Pittsburgh, Pennsylvania, has had no contacts with Tennessee regarding the Plaintiff's claims, and Plaintiff has asserted no other specific facts to state a prima facie case for jurisdiction.**

The facts regarding jurisdiction in this case are clear. Plaintiff has made nothing more than bare legal conclusions as to the basis for the court's personal jurisdiction over Defendant Krasnow. Literally, her Complaint simply states that "[t]his court has personal jurisdiction over Defendants." (Compl., ¶ 14). The only other statement she made in her Complaint, regarding jurisdiction, that could be directed at Defendant Krasnow is that Plaintiff was "injured in Tennessee by Defendants [sic] infringing conduct." (Compl., ¶ 14). Plaintiff even admits in her Complaint that Defendant Krasnow is not a resident of Tennessee, but yet she fails to assert any specific facts as to why Tennessee would have jurisdiction over Krasnow.

Defendant Krasnow can only assume that the Plaintiff is contending that this Court has jurisdiction over Krasnow based on the fact that Krasnow posted content on YouTube that could be viewed anywhere in the nation, including Tennessee. There is no evidence to suggest that any effort was made, when posting the videos, to reach out to Tennessee residents any more than to persons residing elsewhere. This was simply a general posting on a passive website that was available for viewing anywhere by anyone with access to the Internet. And, as this court has held, "[t]o find that personal jurisdiction exists on the facts in this case would be to subscribe to the notion that anyone who posted information on the Internet is subject to nationwide jurisdiction, **a leap this court is not prepared to make**. Bailey v. Turbine Design, Inc., 86 F. Supp. 2d 790, 796 (W.D. Tenn. 2000).

Just like in Bailey, the Defendant here is a non-resident defendant, has never maintained an office in Tennessee, has never solicited business in Tennessee, and has never conducted any business activities in Tennessee. See id. at 794; see also (Krasnow Aff., ¶¶ 2, 6, 7, 8 ). Also, just as in Bailey, there is no evidence to suggest that any effort was made by Defendant Krasnow to reach out to Tennessee residents anymore than to persons residing elsewhere. See id. at 795; see also (Krasnow Aff., ¶ 5). Accordingly, the Plaintiff has failed to show that Defendant Krasnow availed herself of the benefits of the state of Tennessee. Id. at 796. Further, just like in Bailey, any infringement that may have occurred had nothing to do with the Plaintiff's state of residence, and, thus, it cannot be said that Krasnow's actions were "expressly aimed" at Tennessee. Id. And, unless the forum state is deliberately or knowingly targeted by the defendant, the fact that harm is felt in Tennessee from conduct occurring elsewhere is

never sufficient to satisfy the requirements of due process under the Constitution. Id. Therefore, Plaintiff has failed to put forth any specific facts upon which personal jurisdiction could be found.

### III.   CONCLUSION

Defendant Krasnow respectfully requests that this Court grant her Motion for Dismiss. Plaintiff has failed to show that Defendant Krasnow has or had the minimum contacts required for personal jurisdiction. This Court, therefore, should grant Defendant Krasnow's Motion to Dismiss because this Court lacks personal jurisdiction over Defendant Krasnow.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, PLC


By:_____s/Russell E. Reviere_____
RUSSELL E. REVIERE, #07166
W. CHRISTOPHER FRULLA, #31127
Attorneys for Defendant
209 East Main Street
P.O. Box 1147
Jackson, TN  38302-1147
(731) 423-2414
rreviere@raineykizer.com
cfrulla@raineykizer.com


### CERTIFICATE OF REPRODUCIBILITY

I hereby certify that I am in possession of the original, executed copy of **Exhibit A**: the Affidavit of Shira Krasnow. Further, I certify the legibility of **Exhibit A.**

                                                                    *s/Russell E. Reviere*

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 29th day of November, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing report. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

      Pamela Moses
      P.O. Box 80564
      Memphis, TN  38108
      ***Pro Se Plaintiff***

                                                                    *s/Russell E. Reviere*