IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

PAMELA MOSES,                    )
                                 )
        Plaintiff,               )
                                 )
vs.                              )        No. 12-2822-JPM-dkv
                                 )
YOUTUBE, INC., et al.,           )
                                 )
        Defendant.               )

_____

REPORT AND RECOMMENDATION ON THE DEFENDANTS' MOTIONS TO DISMISS

_____

On September 21, 2012, the plaintiff, Pamela Moses ("Moses"), filed a *pro se* Complaint for copyright and trademark infringement, (*Pro Se* Compl., D.E. 1), accompanied by a motion seeking leave to proceed *in forma pauperis*, (D.E. 2). On September 24, 2012, the court issued an order granting Moses leave to proceed *in forma pauperis*, (D.E. 3), and subsequently referred the case to the *pro se* staff attorney for screening. On January 9, 2013, Moses filed a motion for leave to amend and supplement her original complaint, (*Pro Se* Mot. to Amend Compl., D.E. 27), which the court granted on January 31, 2013, (Order Granting Leave to Amend, D.E. 45). This case has now been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Order of Referral, D.E. 77.)

Before the court are the November 29, 2012 and February 28, 2013 motions to dismiss the complaint and amended complaint filed by the defendant, Shira Krasnow ("Krasnow"), for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. (Def.'s Mot. to Dismiss, D.E. 16; Def.'s Mot. to Dismiss, D.E. 65.) Also before the court is the January 23, 2013 motion to dismiss Krasnow's amended complaint filed by the defendants, YouTube, Inc.,[1] YouTube, LLC, and Google, Inc.[2] (collectively, "YouTube"), for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) or bifurcate and stay claims under Rule 42(b) of the Federal Rules of Civil Procedure. (Def.'s Mot. to Dismiss, D.E. 37.) Moses filed a response in opposition to defendant Krasnow's November 29, 2012 motion to dismiss on December 7, 2012, (*Pro Se* Resp. to Def.'s Mot. to Dismiss, D.E. 20), and Krasnow filed a reply on December 18, 2012, (Def.'s Reply, D.E. 24). Moses also filed a response in opposition to defendant YouTube's motion to dismiss on February 21, 2013, (*Pro Se* Resp. to Def.'s Mot. to Dismiss, D.E. 63), and YouTube replied on March 11, 2013, (Def.'s Reply, D.E. 68). After Moses filed her amended complaint and supplement to her original complaint, Krasnow filed a motion to dismiss the amended complaint for lack of

---

[1]    YouTube, Inc. no longer exists as a corporate entity.
[2]    Moses alleges Google is the owner of YouTube. (*Pro Se* Compl. D.E. 1, ¶¶ 28, 32.)

personal jurisdiction on February 28, 2012. (Def.'s Mot. to Dismiss, D.E. 65.) Moses did not respond to Krasnow's motion to dismiss her amended complaint for lack of personal jurisdiction. For the reasons set forth below, it is recommended that Krasnow and YouTube's motions to dismiss be granted.

## I. PROCEDURAL AND FACTUAL BACKGROUND

This action arises out of the alleged infringement of Moses's 2005 copyright in a sound recording for "Pimpin Pretty" and her trademark rights in the brand, logo, music, and name of "Pimpin Pretty" — along with other variations on that name including "Pretty Pimp" and "Pimp Pretty." (*Pro Se* Compl., D.E. 1 ¶¶ 18, 19, 23.) Moses is a recording artist and songwriter with a record publishing company called Let It B Known Records ("LIBK Records"). (*Pro Se* Compl., D.E. 1 ¶ 6.) Moses alleges that the defendant Krasnow uploaded her video entitled "Pimp Pretty" to the YouTube site and "used the protected sound recording, logo/picture, and trade dress/mark to begin and promote the infringed work." (*Pro Se* Am. Compl., D.E. 1 ¶ 33.) Moses sues the YouTube defendants for authorizing and deriving profit from the distribution of Krasnow's "Pimp Pretty" video. (*Pro Se* Compl., D.E. 1 ¶¶ 28, 31, 32.)

Moses's complaint and supplemental amended complaint[3] are lengthy and unwieldy, making her claims for relief difficult to identify. She asserts eleven claims against Krasnow and YouTube for violations of the Copyright Act of 1976, the Tennessee Trademark Act, and the Federal Trademark Dilution Act:[4] (1) direct copyright infringement based on substantial similarities in public performance; (2) direct copyright infringement based on public display; (3) direct copyright infringement based on reproduction; (4) inducement of copyright infringement; (5) contributory copyright infringement; (6) vicarious copyright infringement; (7) trademark infringement; (8) contributory tarnishment; (9) vicarious dilution; (10) contributory dilution; and (11) vicarious tarnishment. (*Pro Se* Compl., D.E. 1 ¶¶ 53-95; *Pro Se* Am. Compl., D.E. 49 ¶¶ 66-92.)

## II. ANALYSIS

A.   Krasnow's Rule 12(b)(2) Motion to Dismiss

1.   *Standard for Rule 12(b)(2) Dismissal*

Krasnow moves to dismiss Moses's lawsuit, asserting that the court lacks personal jurisdiction over her.    As a preliminary matter, this court's federal subject matter

_____

[3]    The court treats Moses's Amended Complaint and Supplement as a supplement to her original complaint and construes the documents together.

[4]    Moses does not distinguish which claims she brings against each defendant, often referring to the defendants collectively. The court presumes she brings each claim against each defendant for purposes of this report and recommendation.

jurisdiction is based on Moses's federal claim of copyright infringement and trademark dilution. Where, as here, the federal court's subject matter jurisdiction stems from a federal question, personal jurisdiction over a defendant exists "if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[] due process." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992)(internal citations omitted). Tennessee's long-arm statute extends to the limits of the due process clause. *Payne v. Motorists' Mut. Ins. Cos.*, 4 F.3d 452, 454 (6th Cir. 1993). "Where a state long-arm statute extends to the limits of the due process clause, the two inquiries are merged and the court need only determine whether exercising personal jurisdiction violates constitutional due process." *Bridgeport Music, Inc. v. Still N the Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003).

Depending on the nature of the defendant's contacts with the forum state, personal jurisdiction can be either general or specific. *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002). General jurisdiction exists where the defendant's contacts with the forum state are so "continuous and systematic" that jurisdiction is proper even when the suit does not arise out of the defendant's actions or contacts within the forum state.

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *Third Nat'l Bank v. WEDGE Grp., Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989). Specific jurisdiction is properly exercised when the defendant has sufficient minimum contacts with the forum state. *See Air Prods. & Controls, Inc. v. Safetech Int'l*, 503 F.3d 544, 550 (6th Cir. 2007). The Sixth Circuit applies a three-part test in determining whether specific jurisdiction exists, as established in *Southern Machine Company v. Mohasco Industries, Inc.*:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequence caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

401 F.2d 374, 381 (6th Cir. 1968).

In the context of a Rule 12(b)(2) motion, the burden of establishing personal jurisdiction is on the plaintiff. *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980). "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). "Where . . . the court relies solely on written submissions and affidavits to resolve a Rule 12(b)(2) motion, rather than

resolving the motion after either an evidentiary hearing or limited discovery, the burden on the plaintiff is 'relatively slight,' and 'the plaintiff must make only a prima facie case showing that personal jurisdiction exists in order to defeat dismissal.' *Air Prods. & Controls, Inc. v. Safetech Int'l*, 503 F.3d 544, 549 (6th Cir. 2007)(citations omitted)(quoting *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988) and *Theunissen*, 935 F.2d at 1458). In that instance, the court views the pleadings and affidavits in a light most favorable to the plaintiff. *Id.* Because the court did not conduct an evidentiary hearing or allow limited discovery, Moses must make only a prima facie showing of personal jurisdiction.

Moses's arguments for personal jurisdiction are contained in both her response in opposition to Krasnow's motion to dismiss and in her amended complaint. (*Pro Se* Resp. in Opp'n to Def.'s Mot. to Dismiss, D.E. 20; *Pro Se* Am Compl., D.E. 49.) Because Moses does not indicate whether she contends that Krasnow is subject to general or specific jurisdiction, the court analyzes both possibilities.

2. *General Jurisdiction*

As to general jurisdiction, Moses argues that Krasnow's residence is a contested fact. (*See Pro Se* Resp. in Opp'n to Def.'s Mot. to Dismiss, D.E. 20 at 2.) Moses asserts that "[i]t is a contested fact where Shira Krasnow resides today[,]"

Krasnow "was in Tennessee in 2007 doing business based on [Krasnow's] affidavit," and Krasnow may be a "dual resident" because she obtained an attorney in Jackson, Tennessee. (*Pro Se* Resp. in Opp'n to Def.'s Mot. to Dismiss, D.E. 20 at 2.) In her affidavit in support of her motion to dismiss, Krasnow states under oath that she is a resident of Pittsburgh, Pennsylvania. (Krasnow Aff., D.E. 65-2 ¶¶ 2-3.) Moses acknowledged as much in her original complaint: "Defendant Shira Krasnow aka 'Lil Miss Muffin' is a non-established fraudulent 'wannabe' rapper/dancer resides in Pittsburgh, PA." (*Pro Se* Compl., D.E. 1 ¶ 24.) Krasnow denies ever doing business in the state of Tennessee and states that "her only physical contact with the state has been a personal visit unrelated to anything regarding the subject matter of this lawsuit." (*Id.* at 2; Krasnow Aff., D.E. 16-2 ¶¶ 3-4.) She further denies dual residency in Jackson, Tennessee as a "bare assertion" with no factual support. (Def.'s Reply, D.E. 24 at 4.)

The court agrees with Krasnow that Moses's assertions regarding Krasnow's residency in Tennessee are unsupported by specific facts or information that go beyond the pleadings. As set out above, Moses's original complaint states that Krasnow resides in Pittsburgh, Pennsylvania. (*Pro Se* Compl., D.E. 1 ¶ 24.) Her later allegations that Krasnow may have "dual citizenship" are vague, stated in unsure terms, and not

corroborated by affidavit or other evidence. As to Krasnow's alleged business trip to Tennessee in 2007, Moses incorrectly relies on Krasnow's affidavit for that assertion ("Krasnow's affidavit"), which specifically states that the trip was personal. (*See Pro Se* Resp. in Opp'n to Def.'s Mot. to Dismiss, D.E. 20 at 2; Krasnow Aff., D.E. 16-2 ¶ 3.) Viewing Moses's pleadings in a light most favorable to Moses, as the court is required to do, *see Safetech Int'l*, 503 F.3d at 549, Moses's allegations do not establish the kind of continuous and systematic contacts with Tennessee that would give rise to general jurisdiction over Krasnow. Even if Krasnow had conducted a single business visit to Tennessee, it would not establish general jurisdiction, and Moses's equivocal allegations about Krasnow's residency likewise do not suffice. Accordingly, the court finds that the exercise of general personal jurisdiction over Krasnow is not proper.

    3.  *Specific Jurisdiction*

    On the issue of specific jurisdiction, Moses argues that Krasnow established minimum contacts with Tennessee by publishing the infringing video to YouTube, which was transmitted to viewers in Tennessee: "Krasnow . . . transmitted her video to Tennessee [and] purposefully targeted and directed the infring[ing] content to the world." (*Pro Se* Resp. in Opp'n to Def.'s Mot. to Dismiss, D.E. 20 at 6.) The court considers

Moses's argument in light of the three-prong test established in *Mohasco Industries*, 401 F.2d at 381.

The first prong of the *Mohasco Industries* test asks whether the defendant purposefully availed herself of the privilege of acting in Tennessee or causing a consequence in Tennessee. *See id.* Purposeful availment "'is something akin to a deliberate undertaking to do or cause and an act or thing to be done in [the forum state] or conduct which can be properly regarded as a prime generating cause of the effects resulting in [the forum state], something more than a passive availment of [the forum state's] opportunities.'" *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 891 (6th Cir. 2002)(quoting *Khalaf v. Bankers & Shippers Ins. Co.*, 273 N.W.2d 811, 819 (Mich. 1976)). "The 'purposeful availment' requirement is satisfied when the defendant's contacts with the forum state 'proximately result from actions by the defendant *himself* that create a substantial connection with the forum State,' and when the defendant's conduct and connection with the forum are such that he 'should reasonably anticipate being haled into court there.'" *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996)(quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985))(internal quotation marks omitted). The requirement prevents a defendant from being haled into a jurisdiction on the basis of "random," "fortuitous," or "attenuated" contacts. *Id.*

A defendant's physical presence in the forum state is not required for the purposeful availment element to be satisfied. *Id.* at 1264.

In the internet context, "[a] defendant purposefully avails itself of the privilege of acting in a state through its website if the website is interactive to a degree that reveals specifically intended interaction with residents of the state." *Neogen*, 282 F.3d at 890 (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)). In *Neogen*, the Sixth Circuit held that merely maintaining a website does not constitute purposeful availment of the privilege of acting in the forum state:

> An Internet website by its very nature can be accessed internationally. By maintaining a website in Pennsylvania, [the defendant] is no more benefitting from the laws of Michigan than from the laws of any other state. The level of contact with a state that occurs simply from the fact of a website's availability on the Internet is therefore an 'attenuated' contact that falls short of purposeful availment.

*Id.* Examples of purposeful availment via the internet include processing applications and granting passwords to residents of the state, *see id.* (citing *Zippo*, 952 F. Supp. at 1126), and maintaining a website in which residents of the state can register domain names while accepting business of over 4,000 residents, *see Bird*, 289 F.3d at 875-76.

Moses contends that Krasnow purposefully availed herself of the forum "because the tarnishment, dilution, and infringing content distributed by Defendants [was] published via the internet, monetized, and viewed in the state [of Tennessee]." (*Pro Se* Am. Compl., D.E. 49 ¶ 39.) Moses further alleges that Krasnow has over 1,000,000 views on YouTube, with "over 200 subscribers who can be linked to Tennessee." (*Pro Se* Resp. in Opp'n to Def.'s Mot. to Dismiss, D.E. 20 at 3.) She adds that Krasnow "has also provided a link on YouTube's site linking this infringed song 'Pimp Pretty' available for sale on Amazon.com, which is being promoted and marketed in Tennessee." (*Pro Se* Am. Compl., D.E. 49 ¶ 23.) Krasnow denies these allegations and responds that they are conclusory and unsupported by affidavits or evidence; thus, Moses "stands on her pleadings" and fails to carry her burden of establishing personal jurisdiction. (Def.'s Mot. to Dismiss, D.E. 65-1 at 7.)

The court agrees that no evidence, by affidavit or exhibit, has been provided by Moses to support her allegations that Krasnow has purposefully availed herself of the privilege of acting in Tennessee. *See Theunissen*, 935 F.2d at 1458. The only support offered to show any action at all by Krasnow is an exhibit attached to Moses's original complaint that shows a computer screen image, presumably of the YouTube website, that states "'PIMP PRETTY-SHIRA feat.' . . . is no longer available

due to a copyright claim by Pamela Mose[s]." (*Pro Se* Compl., Ex. C, D.E. 1-1 at 8.) An exchange of emails with YouTube is also provided, showing Krasnow's response to YouTube upon notification of Moses's copyright claim, (*Pro Se* Compl., Ex. D, D.E. 1-1 at 9); however, the email exchange shows no connection to Tennessee or its residents.

Even accepting as true Moses's allegation that Krasnow makes available the 'Pimp Pretty' song on Amazon.com, Moses's statement that the video is "being promoted and marketed in Tennessee" does not provide specific enough facts to show that Krasnow *herself* engages in marketing and promoting the video to Tennessee residents in a substantial way. *See Compuserve*, 89 F.3d at 1263. Moses likewise fails to provide specific facts showing Krasnow's deliberate engagement of Tennessee residents in her allegation that Krasnow has at least 200 subscribers on YouTube that can be linked to Tennessee. There is no showing that Moses interacted with these Tennessee subscribers in an intentional and meaningful way beyond merely allowing them to view her videos on YouTube. *See Neogen*, 282 F.3d at 890. Finally, the act of posting a video to YouTube — a website that is available internationally — does not constitute purposeful availment merely because it can be accessed by Tennessee residents. *See id.* This act is too attenuated for Krasnow to

reasonably anticipate being haled into a court in Tennessee. *See id.*; *Compuserve*, 89 F.3d at 1263.

Based on the foregoing analysis, the court finds that the purposeful availment requirement has not been met to establish personal jurisdiction over Krasnow. Because Moses failed to satisfy this requirement, the court does not consider the other criteria discussed in *Mohasco*. "Each criterion represents an independent requirement, and failure to meet any one of the three means that personal jurisdiction may not be invoked." *LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1303 (6th Cir. 1989). Accordingly, it is recommended that Moses's claim against Krasnow be dismissed for lack of personal jurisdiction under Rule 12(b)(2).

B.  <u>YouTube's Rule 12(b)(6) Motion to Dismiss or Bifurcate and Stay Under Rule 42(b)</u>

1.  *Standard for Rule 12(b)(6) Dismissal*

YouTube moves to dismiss Moses's suit for failure to state a claim on which relief can be granted. To survive Rule 12(b)(6) dismissal following the United States Supreme Court's opinions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir.

2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to 'less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has

not spelled out in his pleading." (internal quotation marks omitted)); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

    2.  *Direct Copyright Claims*

    Moses brings three claims for direct copyright infringement based on substantial similarities in public performance, public display, and reproduction. (*Pro Se* Compl, D.E. 1 ¶¶ 53-69.) "Direct copyright infringement occurs when anyone 'violates any of the exclusive rights of the copyright owner.'" *Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 398 (6th Cir. 2007)(quoting 17 U.S.C.§ 501(a)). To state a claim for

copyright infringement, a plaintiff must demonstrate: '(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original.'" *Id.* (quoting *Stromback v. New Line Cinema*, 384 F.3d 283, 293 (6th Cir. 2004)). As to the second originality requirement, "[n]ot all 'copying' is actionable." *Kohus v. Mariol*, 328 F.3d 848, 853 (6th Cir. 2003). The plaintiff must prove "that the work was independently created by the author . . . and that it possesses at least some minimal degree of creativity." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991). In the absence of direct evidence of copying, a plaintiff can establish the inference by showing: "(1) access to the allegedly-infringed work by the defendant(s) and (2) a substantial similarity between the two works at issue." *Ellis v. Diffie,* 177 F.3d 503, 506 (6th Cir. 1999).

In the instant case, Moses claims she obtained a "sound recording copyright, trademark for 'Pimpin Pretty' [on] March 20, 2005," as well as a "copyright for the visual picture and logo of 'Pimpin Pretty'" in 2005. (*Pro Se* Compl., D.E. 1 ¶¶ 19-20.) In her response to YouTube's motion to dismiss, she attached a Certificate of Registration, Form SR, For a Sound Recording, issued by the United States Copyright Office for "Pimpin' Pretty Vol. 1," dated March 20, 2006. (*Pro Se* Resp. to Def.'s Mot. to Dismiss, Ex. A, D.E. 63-2 at 2-3.) The

Certificate of Registration was not attached to the original complaint or supplemental complaint.

The registration creates a rebuttable presumption that Moses owns a copyright in this work, *see Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 534 (6th Cir. 2004)(noting that a copyright registration presumptively establishes proof of ownership), which she identifies as a sound recording in her response, (*Pro Se* Resp. to Def.'s Mot. to Dismiss, D.E. 63-1 at 3). Though her original and amended complaints include marketing materials featuring the name "Pretty Pimpin," "Pimpin Pretty," and other variations, Moses does not provide a registration for the rights in the "Pimpin Pretty" logo to confirm copyright ownership. (*Pro Se* Compl., Ex. D, D.E. 1-1 at 11-18; *Pro Se* Am. Compl., Ex. A, D.E. 49-1 at 2.)

Assuming as true that Moses owns a copyright in the sound recording and logo of "Pimpin Pretty," Moses does not sufficiently plead the copying of constituent elements of her work that are original. *See Bridgeport Music*, 508 F.3d at 398. Moses states that "Krasnow misappropriated [Moses's] copyrighted material and made derivatives of her song Pimpin' Pretty,'" (*Pro Se* Resp. to Def.'s Mot. to Dismiss, D.E. 63-1 at 3), but does not describe the protected and original elements of her work. Her bare assertion that "Defendants have publicly displayed

18

these infringing acts, derivatives, and elements of Plaintiff's original works" merely states a legal conclusion, (*Id.* at 4); the court cannot create a claim for Moses describing the originality of her "Pimpin Pretty" sound recording that Moses failed to spell out in her pleading, *see Brown*, 415 F. App'x at 613.

Moses also does not describe how Krasnow's work was a "derivative" of her own other than to state that the copying was "blatant." (*Pro Se* Am. Compl., D.E. 49 ¶ 36; *Pro Se* Compl., D.E. 1 ¶ 32.) Based on Moses's pleadings, the only copying that has been identified is the use of the name "Pretty Pimp" as a song title. Again, the court is not prepared to create a claim for Moses by pleading the original elements of the "Pimpin Pretty" name that are allegedly protected under the sound recording copyright she obtained. Without this factual support, the court cannot even begin to compare the original and allegedly infringing works. *See Ellis*, 177 F.3d at 506.

In sum, Moses's original and amended complaints do not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Courie*, 577 F.3d at 629. The court recommends that Moses's direct copyright infringement claims be dismissed.

3. *Contributory Copyright Infringement, Vicarious Copyright Infringement, and Inducement of Copyright Infringement Claims*

Contributory copyright infringement, vicarious copyright infringement, and inducement of copyright infringement claims are secondary infringement claims that depend on an underlying direct copyright infringement claim. *See MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936-37 (2005)(establishing the inducement test, which holds liable "one who distributes a device with the object of promoting its use to infringe copyright . . . for the resulting acts of infringement by third parties"); *NCR Corp. v. Korala Assocs., Ltd.*, 512 F.3d 807, 816 (6th Cir. 2008)("Contributory infringement occurs when one, with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another."); *Gordon v. Nextel Commc'ns & Mullen Adver., Inc.*, 345 F.3d 922, 926 (6th Cir. 2003)(holding that the plaintiff's claim of vicarious liability could not prevail absent direct infringement). Having found Moses does not state a claim for direct copyright infringement, the court recommends that her claims for secondary copyright infringement should also be dismissed for failure to state a claim.

4. *Trademark Infringement Claim*

Moses claims to own a distinct "Pimpin Pretty" trademark, which "[has] been promoted, market[ed], and sold" through her products and music. (*Pro Se* Am. Compl., D.E. 49 ¶ 34.) She

further asserts that Krasnow used a "nearly identical and confusingly similar" mark in her "Pimp Pretty" video, which "are likely to cause confusion, mistake, and deception" among consumers. (*Id.* ¶ 36-37.) To state a claim for trademark infringement, Moses must allege facts showing: "(1) it owns the registered trademark; (2) the defendant used the mark in commerce; and (3) the use was likely to cause confusion." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

Moses's trademark infringement claim amounts to legal conclusions unsupported by sufficient facts. Moses claims to own the "Pimpin Pretty" mark, which the court presumes is the logo used on the branding materials Moses attaches to her original and amended complaints.[5] (*See Pro Se* Compl., Ex. D., D.E. 1-1 at 11-18; *Pro Se* Am. Compl., Ex. A, D.E. 49-1 at 2.) However, Moses fails to describe or provide any facts about the allegedly confusingly similar mark used by Krasnow and uploaded by YouTube. She summarily states that "Krasnow tarnished the famous mark "Pimpin' Pretty" owned by . . . Moses and included it in the video she uploaded to the YouTube website." (*Pro Se* Am. Compl., D.E. 49 ¶ 25.) However, she only supports this

---

[5] The court assumes these exhibits are Moses's promotional materials simply based on their appearance. Moses does not identify them or indicate their significance to this cause of action.

allegation with an exhibit that appears to be more of Moses's own advertising materials. (*Pro Se* Am. Compl., Ex. A, D.E. 49-1 at 2.) The court is left with a bare allegation and no indication of the mark that Krasnow used.

Moses also fails to provide factual support for her allegation that YouTube uses the mark in commerce in connection with the sale or advertising of goods or services, as required by 17 U.S.C § 1127. She states that "YouTube [and] Google continue to profit from the video," but does not explain how it sells or advertises the allegedly infringing mark. (*Pro Se* Am. Compl., D.E. 49 ¶ 26, 29.) Thus, Moses offers mere conclusions unsupported by sufficient factual allegations. *See Iqbal*, 556 U.S. at 679. The court recommends that Moses's trademark infringement claim be dismissed.

5. *Contributory and Vicarious Trademark Dilution Claim*

Finally, Moses asserts contributory and vicarious trademark dilution claims against YouTube.[6] To state a claim for trademark dilution, Moses must show: "(1) the senior mark [is] famous; (2) it [is] distinctive; (3) the junior use [is] a commercial use in commerce; (4) it . . . begin[s] after the senior mark has become

_____

[6] As noted by YouTube in its motion to dismiss, (Def.'s Mot. to Dismiss, D.E. 37-1 at 6), tarnishment is one subcategory of a trademark dilution claim under 15 U.S.C. § 1125(c); thus, the court considers Moses's claims for contributory and vicarious tarnishment as part of her claims for contributory and vicarious trademark dilution.

famous; and (5) it . . . cause[s] dilution of the distinctive quality of the senior mark." *Kellogg Co. v. Exxon Corp.*, 209 F.3d 562, 577 (6th Cir. 2000), *overruled on other grounds*, *Moseley v. V Secret Catalogue, Inc.*, 537 U.S. 418 (2003).

Moses claims her "Pimpin Pretty" mark has "gained significant recognition and goodwill among the purchasing public," but does not plead with any particularity the level of fame it has achieved. (*See Pro Se* Am. Compl., D.E. 49 ¶ 34.) She also states it is distinctive, but provides no factual details describing its distinctiveness. (*See id.*) In considering fame and distinctiveness, a court weighs several factors listed in 15 U.S.C. § 1125(c)(2)(A), including the volume and geographic extent of sale of goods or services offered under the mark, the extent of recognition of the actual mark, and the extent of advertising and publicity of the mark. Moses offers no facts to aid the court in this evaluation. Because Moses again merely states the legal standard without providing underlying factual support, the court recommends that her claims for contributory and vicarious trademark dilution be dismissed.

## III. RECOMMENDATION

For the foregoing reasons, this court recommends that Moses's complaint be dismissed in full pursuant to Rule 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of

personal jurisdiction and failure to state a claim upon which relief can be granted.

Respectfully submitted this 23rd day of September, 2013.

s/ Diane K. Vescovo
Diane K. Vescovo
United States Magistrate Judge

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.