IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| PAMELA MOSES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-2822-JPM-dkv |
| | ) | |
| YOUTUBE, INC., et al., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
ORDER GRANTING MOTIONS TO DISMISS**

Before the Court is the Report and Recommendation of Magistrate Judge Diane K. Vescovo (the "Report and Recommendation"), filed September 23, 2013 (ECF No. 105), recommending that the Court dismiss in full Plaintiff Pamela Moses's ("Moses" or "Plaintiff") Complaint pursuant to Rule 12(b)(2) and Rule (12)(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation, and DISMISSES Moses's complaint.

**I.   BACKGROUND**

On September 21, 2012, Moses filed a <u>pro se</u> Complaint for copyright and trademark infringement, (<u>Pro Se</u> Compl., ECF No. 1), accompanied by a motion seeking leave to proceed <u>in forma pauperis</u>, (ECF No. 2). On September 24, 2012, the court

issued an order granting Moses leave to proceed in forma pauperis, (ECF No. 3), and subsequently referred the case to the pro se staff attorney for screening.

On November 29, 2012, Defendant Shira Krasnow ("Krasnow") filed a Motion to Dismiss for Lack of Jurisdiction. (ECF No. 16.) On December 7, 2012, Moses filed a Response in opposition to defendant Krasnow's November 29, 2012 Motion to Dismiss. (ECF No. 20.) Krasnow filed a Reply on December 18, 2012. (ECF No. 24.) On January 9, 2013, Moses filed a motion for leave to amend and supplement her original complaint, (Pro Se Mot. to Amend Compl., ECF No. 27), which the court granted on January 31, 2013, (Order Granting Leave to Amend, ECF No. 45). After Moses filed her Amended Complaint and supplement to her original complaint, Krasnow filed a Motion to Dismiss the Amended Complaint for lack of personal jurisdiction on February 28, 2012. (ECF No. 65.) Moses did not respond to Krasnow's Motion to Dismiss her Amended Complaint for lack of personal jurisdiction.

On January 23, 2013, Defendants YouTube, Inc., YouTube, LLC, and Google, Inc. (collectively "YouTube") filed a Motion to Dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) or Bifurcate and Stay Claims under Federal Rule of Civil Procedure 42(b). (ECF No. 37.) On

February 21, 2013, Moses filed a Response in opposition to YouTube's Motion to Dismiss. (ECF No. 63.) YouTube filed a Reply on March 11, 2013. (ECF No. 68.)

Moses's Complaint alleged Krasnow infringed Moses's 2005 copyright in a sound recording for "Pimpin Pretty" and her trademark rights in the brand, logo, music, and name of "Pimpin Pretty" – along with other variations on that name including "Pretty Pimp" and "Pimp Pretty." (ECF No. 1 ¶¶ 18, 19, 23.) Moses alleged that Krasnow uploaded her video entitled "Pimp Pretty" to the YouTube site and "used the protected sound recording, logo/picture, and trade dress/mark to begin and promote the infringed works." (ECF No. 1 ¶ 33.) Moses sued YouTube for authorizing and deriving profit from the distribution of Krasnow's "Pimp Pretty" video. (ECF No. 1 ¶¶ 28, 31, 32.)

## II.  LEGAL STANDARD

### A.  De Novo Review of the Report and Recommendation

Pursuant to federal statute, a district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(3). The judge may accept, reject, or modify the recommendations of the magistrate judge and may receive

additional evidence on the matter.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Litigants are required to file specific and timely objections to a magistrate judge's report and recommendation under 28 U.S.C. § 636(b)(1)(C).  Slater v. Potter, 28 F. App'x 512, 513 (6th Cir. 2002) (citing Thomas v. Arn, 474 U.S. 140, 155 (1985)).  "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."  Id.; accord Thrower v. Montgomery, 50 F. App'x 262, 263 (6th Cir. 2002) ("[N]ot only must objections be timely, they must also be specific; an objection to the report in general is not sufficient and results in waiver of further review.").  "Failure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire magistrate judge's report.  A general objection is considered the equivalent of failing to object entirely."  McCready v. Kamminga, 113 F. App'x 47, 49 (6th Cir. 2004) (citing Howard v. Sec. of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)).  "[T]he district court need not provide de novo review where the objections are '[f]rivolous, conclusive or general.'"  Mira v. Marshall, 806 F.2d 636, 637

4

(6th Cir. 1986) (quoting <u>Nettles v. Wainwright</u>, 677 F.2d 404, 410 n. 8 (5th Cir. 1982)).

**III. ANALYSIS**

In the instant case, the Magistrate Judge recommended "that Moses's complaint be dismissed in full pursuant to Rule 12(b)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and failure to state a claim upon which relief can be granted."  (ECF No. 105 at 23-24.)

Moses makes objections to the Report and Recommendation as to all proposed findings of facts and all conclusions of law, and questions the Magistrate Judge's partiality.  (ECF No. 107.)

Krasnow argues that "Plaintiff [makes] additional unsupported arguments regarding jurisdiction and baseless accusations regarding the Magistrate's alleged 'partiality'" and that "Plaintiff has attempted to stand on her pleadings and has failed to familiarize herself with rules, procedures, and laws applicable to this Court."  (ECF No. 108 at 4.)

YouTube states that "Plaintiff's Objections still do not direct the Court toward any factual support that the Magistrate Judge did not consider, and neither Plaintiff's assertion that she was entitled to discovery before the Magistrate Judge granted 'summary judgment,'" and that Plaintiff's accusation of

the Magistrate Judge's partiality are "baseless." (ECF No. 109 at 2.)

### A.  Report and Recommendation Findings

Having reviewed the record, the Court agrees with the Magistrate Judge's Report and Recommendation that Moses's lawsuit against Krasnow be dismissed for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure (see ECF No. 105 at 14), and lawsuit against YouTube be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure (see id. at 19).  The Report and Recommendation did not find Moses's Response (ECF No. 20) and Amended Complaint (ECF No. 49) to Krasnow's Motion to Dismiss for Lack of Jurisdiction (ECF No. 16) sufficient.  As to general jurisdiction, the Report and Recommendation finds that "Moses's assertions regarding Krasnow's residency in Tennessee are unsupported by specific facts or information that go beyond the pleadings." (ECF No. 105 at 8.)  With regards to specific jurisdiction, the Report and Recommendation states that "the court finds that the purposeful availment requirement has not been met to establish personal jurisdiction over Krasnow." (Id. at 14.)

Regarding Moses's Response (ECF No. 63) to YouTube's Motion to Dismiss (ECF No. 37), the Report and Recommendation finds

6

that Moses fails to state a claim for direct copyright infringement as a result of not providing "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (ECF No. 105 at 19) (citing Courie v. Alcoa Wheel & Forged Products, 577 F.3d 625, 629 (6th Cir. 2009).) As a result, her claims for secondary infringement should also be dismissed for failure to state a claim. (Id. at 20.) As to her trademark infringement allegations, the Report and Recommendation states that "Moses offers mere conclusions unsupported by sufficient factual allegations" (Id. at 22).[1] Additionally, since she "merely states the legal standard without providing underlying factual support, the court recommends that her claims for contributory and vicarious trademark dilution be dismissed." (Id. at 23.)

    Having reviewed the record, the Court finds that although Moses generally disagrees with the proposed conclusions of law,

---

[1] The Report and Recommendation provides that in a claim for trademark infringement, a Plaintiff must allege facts showing: "(1) it owns the registered trademark; (2) the defendant used the mark in commerce; and (3) the use was likely to cause confusion." (ECF No. 105 at 21) (quoting Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 609 (6th Cir. 2009).) The Court, however, notes that the legal standard for unregistered trademarks is different. Since it appears that Moses's trademark is unregistered, the correct legal standard would require the Court to "determine whether the mark is protectable, and if so, whether there is a likelihood of confusion as a result of the would-be infringer's use of the mark." T. Marzetti Co. v. Roskam Baking Co., 680 F.3d 629, 633 (6th Cir. 2012) (quoting Tumblebus v. Cranmer, 399 F.3d 754, 761 (6th Cir. 2005)). This discrepancy does not impact the outcome of the Report and Recommendation.

Moses fails to make and support specific objections of "those portions of the report or specified proposed . . . recommendations" with which she disagrees.  See 28 U.S.C. § 636(b)(1).  Because the "[f]ailure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire magistrate judge's report," see McCready, 113 F. App'x at 49, the Court considers this general objection the equivalent of failing to object entirely.

Accordingly, the Court ADOPTS the Magistrate Judge's proposed conclusions of law.

**IV. CONCLUSION**

Moses's objections to the Report and Recommendation that Moses's complaint be dismissed in full pursuant to Rule 12(b)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and failure to state a claim upon which relief can be granted are OVERRULED.  Accordingly, the Court ADOPTS the Magistrate Judge's factual findings and conclusions of law, and GRANTS Defendants' Motions to Dismiss.

**IT IS SO ORDERED,** this 11th day of February, 2014.

/s/ Jon P. McCalla
JON P. McCALLA
U.S. DISTRICT COURT JUDGE