# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |
|---|---|---|

Filed: May 13, 2015

Mr. A. John Peter Mancini
Mayer Brown
1221 Avenue of the Americas
New York, NY 10020

Ms. Pamela J. Moses
Shelby County Jail East
6201 Haley Road
Memphis, TN 38134

Mr. Russell E. Reviere
Rainey, Kizer, Reviere & Bell
P.O. Box 1147
Jackson, TN 38301

Re: Case No. 14-5259, *Pamela Moses v. YouTube, Inc., et al*
Originating Case No. : 2:12-cv-02822

Dear Ms. Moses and Counsel:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Karen S. Fultz
Case Manager
Direct Dial No. 513-564-7036

cc: Mr. Thomas M. Gould
　　Mr. Paul Whitfield Hughes
　　Mr. Mark Vorder-Bruegge Jr.
　　Ms. Elizabeth Montyne Winokur

Enclosure

Mandate to issue

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 13, 2015
DEBORAH S. HUNT, Clerk

PAMELA J. MOSES,

    Plaintiff-Appellant,

v.

YOUTUBE, INC.; YOUTUBE LLC; GOOGLE, INC.; SHIRA KRASNOW,

    Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

O R D E R

Before: GUY, NORRIS, and GRIFFIN, Circuit Judges.

Pamela J. Moses, a pro se Tennessee resident, appeals the district court's judgment dismissing her complaint for copyright and trademark infringement. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Seeking monetary, injunctive, and declaratory relief, Moses filed a complaint, which she later amended and supplemented, for copyright and trademark infringement against Shira Krasnow and YouTube Inc., YouTube, LLC, and Google Inc. ("YouTube Defendants"). Moses alleged that she obtained a copyright for the sound recording "Pimpin Pretty" in 2005 and that she created a brand for the marketing of her original hip hop music consisting of logos, pictures, recordings, and designs using the title "Pimpin Pretty" and its variations, including "Pretty Pimp" and "Pimp Pretty." Moses alleged that Krasnow uploaded to the YouTube website a

video for Krasnow's song "Pimp Pretty" that infringed upon Moses's copyright and trademark and that the YouTube Defendants profited from that infringement.

Krasnow moved to dismiss Moses's action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The YouTube Defendants moved to dismiss Moses's complaint and amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). A magistrate judge recommended that the defendants' motions to dismiss be granted. Over Moses's objections, the district court adopted the magistrate judge's report and recommendation, granted the defendants' motions to dismiss, and dismissed the complaint. Moses filed a notice of appeal and a motion for reconsideration, which the district court denied.

We review de novo the district court's dismissal for lack of personal jurisdiction pursuant to Rule 12(b)(2). *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887-88 (6th Cir. 2002). "The plaintiff bears the burden of establishing that jurisdiction exists." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on [her] pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id.* Where, as here, the district court rules on a Rule 12(b)(2) motion to dismiss without an evidentiary hearing, "the court must consider the pleadings and affidavits in a light most favorable to the plaintiff," who "need only make a prima facie showing of jurisdiction" to defeat the motion. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).

"Where a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (internal quotation marks and brackets omitted). The Tennessee long-arm statute, Tenn. Code Ann. § 20-2-214, has been interpreted to extend to the limits of the Due Process Clause. *See Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003). Thus, "the two inquiries are merged and the court need only determine whether exercising personal jurisdiction violates constitutional due process." *Id.*

"General jurisdiction exists when a defendant's 'contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state.'" *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005) (quoting *Bird*, 289 F.3d at 873). According to her affidavit as well as Moses's complaint, Krasnow is a resident of Pennsylvania. Krasnow denied ever doing business in Tennessee and stated that her only physical presence in Tennessee was a personal visit in 2007 "for reasons completely unrelated to any matter or issue involved in this action." In response, Moses asserted that Krasnow has dual residency and that Krasnow was doing business in Tennessee in 2007, but Moses failed to submit an affidavit or other proof to support her bare assertions. The district court properly concluded that Krasnow lacked continuous and systematic contacts with Tennessee to subject her to general jurisdiction.

Specific jurisdiction requires that the defendant "purposefully avail [her]self of the privilege of acting in the forum state or causing a consequence in the forum state." *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). In the internet context, "[a] defendant purposefully avails itself of the privilege of acting in a state through its website if the website is interactive to a degree that reveals specifically intended interaction with residents of the state." *Neogen Corp.*, 282 F.3d at 890. In her amended complaint, Moses alleged that "the tarnishment, dilution, and infringing content distributed by Defendants were published via the internet, monetized, and viewed in the state of Tennessee" and that she was "affected and infringed in the State of Tennessee by Defendants['] [lewd] conduct." Moses also submitted the affidavits of Tennessee residents who viewed Krasnow's YouTube video in Tennessee. Moses failed to present any evidence that Krasnow specifically intended to interact with Tennessee residents—Krasnow's video could be viewed in Tennessee and any other state as well as around the world. *See id.* ("The level of contact with a state that occurs simply from the fact of a website's availability on the Internet is therefore an 'attenuated' contact that falls short of purposeful availment."). Without facts demonstrating Krasnow's purposeful availment of the privilege of acting in Tennessee, Moses failed to establish specific jurisdiction. The district court properly granted Krasnow's Rule 12(b)(2) motion to dismiss.

Moses's two-page appellate brief focuses on Krasnow's dismissal for lack of personal jurisdiction and does not specifically address the complaint's dismissal for failure to state a claim. Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. *Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007). Moses has therefore waived review of the district court's decision to grant the YouTube Defendants' motion to dismiss pursuant to Rule 12(b)(6).

Moses contends that the district court adopted the magistrate judge's report and recommendation without discovery or an evidentiary hearing. Presented with a properly supported Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the district court may decide the motion upon the affidavits alone; its decision to do so will be reversed only for an abuse of discretion. *Theunissen*, 935 F.2d at 1458. Moses has failed to demonstrate an abuse of discretion, particularly where she failed to comply with the local rules in requesting discovery and an evidentiary hearing. The district court was not allowed to consider matters outside the complaint in ruling on the YouTube Defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008).

Pursuant to 28 U.S.C. § 455, Moses moved for the magistrate judge's recusal, asserting that the magistrate judge's son is an attorney with a law firm in which an attorney who previously opposed Moses is a shareholder. We review the denial of a recusal motion for an abuse of discretion. *Bell v. Johnson*, 404 F.3d 997, 1004 (6th Cir. 2005). The tenuous connection asserted by Moses did not require the magistrate judge's recusal under § 455(b)(5). No "reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality" based on the facts alleged by Moses. *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990). Accordingly, the magistrate judge did not abuse her discretion in declining to recuse.

Moses did not amend her notice of appeal or file a new notice of appeal after the district court denied her motion for reconsideration. The district court's order denying reconsideration is therefore beyond the scope of this appeal. *See* Fed. R. App. P. 4(a)(4)(B)(ii); *Gruener v. Ohio Cas. Ins. Co.*, 510 F.3d 661, 665 (6th Cir. 2008).

For the foregoing reasons, we affirm the district court's judgment dismissing Moses's complaint.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk